# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50498
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 19, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MUHAMMAD ASIF RAZA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:13-CR-267-1

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Muhammad Asif Raza challenges his guilty plea for trafficking in counterfeit goods on the ground that the district court failed to admonish him, under Federal Rule of Criminal Procedure 11, that his testimony could be used against him in a prosecution for perjury and that he had the right to plead not guilty. We review these objections for plain error because Raza did not raise them in the district court. *See United States v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50498

*Vonn*, 535 U.S. 55, 59 (2002). Raza must show an error that is clear or obvious that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

We conclude that a violation of the defendant's substantial rights has occurred per Rule 11 only if he shows "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). Raza must satisfy us that, in light of the entire record, "the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding." *Id.* (internal quotation marks and citations omitted).

Raza does not claim that his substantial rights were affected by the district court's failure to advise him that his testimony could be used against him in a prosecution for perjury, and we find nothing in the record to suggest that the court's failure in that regard affected Raza's decision to plead guilty. *See Dominguez Benitez*, 542 U.S. at 83. Although he does urge "that there is a reasonable probability that he would not have pleaded guilty had he understood that he had the right to plead not guilty," the record in its entirety suggests that Raza, who has a college degree, entered his guilty plea knowing that he had the right to plead not guilty. In fact, he initially did plead not guilty. The district court also informed him during his rearraignment that his guilty plea would waive his right to a jury trial, along with his associated trial rights, and Raza testified that he understood. In light of the record in its entirety, we find no reversible plain error. *See id.*

The judgment of the district court is AFFIRMED.